| | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>**SEP 09 2009**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** milano **DEPUTY CLERK** |

| In re:<br>Karen F. Melot-Rabhi,<br><br>Steven Speier | CHAPTER: 7 |
|---|---|
| | CASE NO.: 6:09-bk-21686-BB |
| Debtor(s). | DATE: September 8, 2009<br>TIME: 10:00 AM |
| Trustee. | CTRM: 303<br>FLOOR: |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
## (MOVANT: Wells Fargo Bank, N.A. )

1. The Motion was: ☐ Contested  ☒ Uncontested  ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:* 2523 Serene Moon Drive
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Henderson, NV 89044

   Legal description or document recording number (including county of recording):

   ☒ See attached page.

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*

**F 4001-1O.RP**

| In Re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| Karen F. Melot-Rabhi | Debtor(s) | CASE NO: 6:09-bk-21686-BB |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☐ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated: 09/09/2009

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009* **F 4001-1O.RP**

# INITIAL INTEREST<sup>SM</sup> ADJUSTABLE RATE NOTE
(1-Year Treasury Index - Rate Caps)
(Assumable after Initial Period)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

OCTOBER 08, 2007          LAS VEGAS                          NEVADA
[Date]                    [City]                             [State]

2523 SERENE MOON DRIVE, HENDERSON, NV 89044

[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ *****329,125.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is WELLS FARGO BANK, N.A.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of           6.000 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments
I will make a payment every month on the first day of the month beginning on DECEMBER 01, 2007         .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment consists of both principal and interest, it will be applied to interest before Principal. If, on NOVEMBER 01, 2037          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at WELLS FARGO HOME MORTGAGE, P.O. BOX 11701, NEWARK, NJ 071014701
or at a different place if required by the Note Holder.
(B) Amount of My Initial Monthly Payments
Before the first fully amortizing principal and interest payment due date stated in subsection (C) below (the "First P&I Payment Due Date"), my monthly payments will be only for the interest due on the unpaid principal of this Note.

Each of my initial monthly payments will be in the amount of U.S. $ *********1,645.63   . This amount may change in accordance with subsection (C) below.
(C) Monthly Payment Changes
The First P&I Payment Due Date is the first day of            12/01/17         .

---

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE - 1-Year Treasury Index (Assumable after Initial Period) - Single Family - Freddie Mac UNIFORM INSTRUMENT                                                                Form 5507 5/04 (rev. 7/05)
NMFL #8380 (MS1C) Rev 2/27/2006
VMP-191N (0508)
VMP Mortgage Solutions, Inc. (800)521-7291

Page 1 of 5          Initials: 


EXHIBIT 1
13